# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **AMIR FATIR,** | C.A. No. K20M-01-015 NEP |
| | In and for Kent County |
| Petitioner, | |
| | |
| v. | |
| | |
| **BOARD OF PARDONS,** | |
| | |
| Respondent. | |

Submitted: May 26, 2020
Decided: July 22, 2020

## ORDER

### *Upon Petitioner's Motion for Reconsideration and Motion for Evidentiary Hearing*
### DENIED

Amir Fatir (hereinafter "Mr. Fatir"),[1] who is incarcerated at the James T. Vaughn Correctional Center, has filed a "Motion for Reconsideration and Motion for Evidentiary Hearing" (hereinafter the "Motion") in response to this Court's April 30, 2020, Order (hereinafter the "Order") dismissing his Petition for a Writ of Prohibition (hereinafter the "Petition"). For the following reasons, Mr. Fatir's Motion is **DENIED**.

In January 2020, Mr. Fatir filed the Petition requesting that this Court prohibit the Delaware Board of Pardons (hereinafter the "Board") from requiring that he seek another recommendation should he wish to receive a commutation of his life sentence

---

[1] Mr. Fatir was once known as Sterling Hobbs. *Fatir v. Governor of State of Delaware*, 2019 WL 162567, at *1 n. 1 (Del. Super. Jan. 10, 2019).

1

in prison.[2] This Court dismissed the Petition pursuant to 10 *Del. C.* § 8803(b) on the grounds that it was legally frivolous and malicious.[3]

Although Mr. Fatir does not cite the Superior Court Civil Rule pursuant to which he is bringing the Motion, it appears to be a Motion for Reargument pursuant to Superior Court Civil Rule 59(e).[4] "Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59."[5] The disposition of motions under Rule 59(e) is within the discretion of this Court.[6]

To succeed on a motion for reargument pursuant to Rule 59(e), the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[7] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments not previously raised.[8] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process of reaching closure on the issues.'"[9] In order for the motion to be granted, the movant must show that "the Court has overlooked a controlling precedent

---

[2] Mr. Fatir is serving a life sentence without parole due to a 1975 conviction. *Fatir v. Governor*, 2019 WL 162567, at *1.

[3] *Fatir v. Bd. of Pardons*, 2020 WL 2095981 (Del. Super. Apr. 30, 2020).

[4] Mr. Fatir filed the Motion on May 26, 2020. The Court had issued the Order on April 30, 2020. Barring an exception, Mr. Fatir's Motion would be time-barred, as a motion under Rule 59(e) must be filed within five days of the Court's Order. *See* Rule 59(e) ("A motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision."). However, Mr. Fatir's Motion is timely pursuant to Administrative Order No. 6 of the Delaware Supreme Court, Extension of Judicial Emergency (May 14, 2020), at ¶ 9, wherein the Supreme Court extended "deadlines in court rules . . . that expire between March 23, 2020 and June 13, 2020 . . . through July 1, 2020."

[5] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096 at *2 (Del. Super. Jan. 25, 2017) (internal quotation omitted).

[6] *Independence Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013).

[7] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[8] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[9] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan 14, 2004)).

or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[10]

In the present case, Mr. Fatir argues that the Court erred in dismissing the Petition because it failed to accept his allegations as true and failed to afford him deference as a *pro se*, or self-represented, litigant. Mr. Fatir's arguments on these points are rejected.

Mr. Fatir's contention that the Court failed to accept the allegations within the Petition as true is without merit. In the Motion, Mr. Fatir declares that he seeks "an evidentiary hearing to prove (1) he received a positive recommendation in 1991; [and] (2) that recommendation is recorded in the public state records."[11] However, this Court and the Supreme Court have determined in previous similar actions that if Mr. Fatir fails to provide support for his allegations with the initial pleading, it will be dismissed.[12] Given the fact that this Court must follow the principles of *stare decisis*, it is evident that Mr. Fatir is not entitled to an evidentiary hearing because he failed to include in his Petition any support for his allegations.

Mr. Fatir's argument that the Court failed to afford him deference as a self-represented plaintiff is also without merit because this deference does not allow him to escape the legal insufficiencies of his Petition. While it is true that the Court must afford deference to a self-represented plaintiff,[13] it will not allow a legally frivolous and malicious complaint to proceed, whoever the plaintiff may be.

---

[10] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[11] Motion at ¶ 26.

[12] *See Fatir v. Governor*, 2019 WL 162567, at *2 (denying Mr. Fatir's petition for writ of mandamus on several grounds, including his failure to provide documentation supporting allegations); *Matter of Fatir*, 223 A.3d 95, at *1 (Del. Nov. 22, 2019) (TABLE) (determining, in *dicta*, that Mr. Fatir had failed to demonstrate clear entitlement to relief sought when seeking writ of prohibition from Supreme Court, as is required for such a writ to be granted).

[13] *See Limehouse v. Steak & Ale Restaurant Corp.*, 2004 WL 304339, at *2 (Del. Super. Feb. 5, 2004) (affording "lenience" toward self-represented plaintiff).

Mr. Fatir also argues that 10 *Del. C.* §§ 8801-8805, the statutory scheme under which this Court dismissed the Petition, is unconstitutional because it is a bill of attainder that targets incarcerated individuals.[14] This argument is rejected because it was not asserted in the original Petition, and is without merit because this Court has applied 10 *Del. C.* §§ 8801-8805 in a wide variety of instances, not just against incarcerated individuals.[15] Therefore, it is evident that this statutory scheme was not created to punish incarcerated individuals; to the contrary, it was created to protect judicial resources from frivolous and malicious claims, regardless of who filed them.[16]

Mr. Fatir has failed to demonstrate newly discovered evidence, a change in the law, manifest injustice, or that the Court overlooked controlling precedent or legal principles or misapprehended the law or facts in a manner that would have changed the outcome of the underlying decision.[17] Therefore, the Motion is **DENIED**.

**IT IS SO ORDERED.**

_____/s/ Noel Eason Primos_____
Judge

NEP/wjs
*Via File & ServeXpress & U.S. Mail*
oc:    Prothonotary
        Amir Fatir, JTVCC
        file

---

[14] Motion at ¶¶ 6-8. Mr. Fatir incorrectly cites the statute as "11 *Del. C.* §§ 8801 *et. seq.*".

[15] *See, e.g., Jones v. Delaware State Police*, 2019 WL 6170847 (Del. Super. Nov. 19, 2019); *Taylor v. Dep't of Services for Children, Youth and Their Families*, Apr. 17, 2019 (Del. Super. Apr. 17, 2019); *Jones v. Dover Behavioral Health Sys.*, 2017 WL 3493118 (Del. Super. Aug. 9, 2017).

[16] *Cf. Adjile, Inc. v. City of Wilmington*, 2010 WL 1379921, at *2 (Del. Super. Mar. 31, 2010) (noting challenged ordinance was not unconstitutional bill of attainder for multiple reasons, one being that ordinance had been applied in several instances, and all of which demonstrated that it was not intended to punish individuals retroactively).

[17] *Brenner,* 2000 WL 972649, at *1; *Kennedy,* 2006 WL 488590, at *1.

4